UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>ENRIQUE V. GREENBERG,<br>　　　　　Appellant,<br>v.<br>CHAMPION MORTGAGE COMPANY,<br>　　　　　Appellee. | Case No.: 3:21-cv-01842-BEN-AGS<br><br>**ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**<br><br>**[ECF No. 3]** |

Appellant Enrique V. Greenberg appealed the decision of federal bankruptcy case 19-00878-MM11. ECF No. 3. Before this Court is Appellee Champion Mortgage Company's motion to dismiss. Because this Court finds Appellant's appeal moot, the Court GRANTS Appellee's motion.

I.   **JUDICIAL NOTICE**

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts which are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice can include "facts that are a matter of public record." *Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001).

Appellee moves this Court to take judicial notice of seven exhibits. Exhibits A-F are briefs and orders from Appellant's bankruptcy case. Exhibit G is the "Full Reconveyance of Deed of Trust" recorded in the County of Riverside Recorder's Office. The Court finds the proposed exhibits are matters of public record or part of the record in this case. Accordingly, the Court takes judicial notice of Exhibits A-G offered in Appellee's Request for Judicial Notice. ECF No. 4.

## II.   BACKGROUND

Appellant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in United States Bankruptcy Court for the Southern District of California in 2019. ECF No. 4, Ex. A. Appellee, who had a beneficial interest in a deed of trust that secured the Appellant's real property at 31400 Via Eduardo, Temecula, CA 92592, filed a claim against Appellant's bankruptcy estate. *Id.* Appellant objected to Appellee's claim, but the Bankruptcy Court overruled the objection in March of 2020. *Id.*, Ex. B. In May of 2020, Appellee moved to dismiss Appellant's Chapter 11 case on the grounds it was filed in bad faith, that Appellant did not have a Chapter 11 plan, and that there were no legitimate bankruptcy purposes to prosecute the bankruptcy case. The Bankruptcy Court granted the motion to dismiss in July 2020.

Appellant appealed the dismissal to this Court, which affirmed in part and vacated and remanded in part. The District Court vacated the claim objection order to the extent it determined Appellee had standing to file the proof of claim and remanded to the Bankruptcy Court for further proceedings. *Id.*, Ex. E. Following an evidentiary hearing, the Bankruptcy Court entered an order overruling Appellant's objections and concluded that Appellee was the holder of the note with standing to file a proof of claim in Appellant's bankruptcy proceeding. *Id.*, Ex. F.

On October 11, 2021, Appellee received funds to pay off the loan secured by the deed of trust. Appellee duly executed a full reconveyance of the deed of trust and submitted this to the county recorder's office. *Id.*, Ex. G. On October 29, 2021, Appellant filed his notice of appeal to this Court.

III.     **DISCUSSION**

The case or controversy requirement of Article III restricts federal court jurisdiction to "disputes capable of judicial resolution." *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388 (1980).  A case becomes moot, and incapable of judicial resolution, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Powell v. McCormack,* 395 U.S. 486, 496 (1969).  "Generally, when a party settles all of his personal claims before appeal, an appeals court must dismiss the appeal as moot unless that party retains a personal stake in the case that satisfies the requirements of Article III." *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Cir. 2009).  "That "personal stake" must be "concrete" and "financial," . . . *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1021 (9th Cir. 2012).  "Where mootness results from settlement, the losing party has voluntarily forfeited his legal remedy by the ordinary process of appeal or certiorari . . ." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partn.*, 513 U.S. 18, 18 (1994).  "Bankruptcy's mootness rule 'developed from the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need for finality in orders regarding stays in bankruptcy.'" *In re Onouli–Kona Land Co.,* 846 F.2d 1170, 1172 (9th Cir.1988) (citing *Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421, 1424 (9th Cir.1985)).

Here, there is no relief this Court can grant to Appellant.  Appellant has paid the balance of the loan owed on the subject property and Appellee, following execution of the full reconveyance of the deed of trust, no longer has a claim against Appellant's bankruptcy estate.  Appellant's appeal is based on his argument that Appellee is not the rightful holder of the note in dispute. However, following Appellant's voluntary repayment of the debt secured by the note and subsequent reconveyance, there is no dispute between these parties.

Appellant argues his settlement payment of the subject property was not voluntary and in response to a "NOTICE OF TRUSTEE'S SALE" note posted on the garage door

of his property.  Opp'n, ECF No. 7 at 4.  Appellant claims that as a result, any settlement payment is "an in terrorem settlement." *Id*.  Appellant had options, though, if he did not want to fully settle the outstanding obligation on the subject property.  Particularly, Appellant could have sought a stay on any sale pending appeal to this Court or sought an injunction to enjoin any foreclosure sale.  He did neither.  Instead, Appellant fulfilled his outstanding financial obligations and Appellee duly released its claim on Appellant's estate.  Based on the nature of Appellant's appeal, there is nothing for this Court to adjudicate.  Accordingly, the appeal is dismissed as moot.

**IT IS SO ORDERED.**

Dated: May 23, 2022

**HON. ROGER T. BENITEZ**
United States District Judge